# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRMA CASTILLO, | : | No. 3:19cv1628 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| PROGRESSIVE INSURANCE, | : | |
|     Defendant | : | |

..................................................................................................................

## MEMORANDUM

Before the court for disposition is Defendant Progressive Insurance's motion to dismiss Plaintiff Irma Castillo's complaint. The parties have briefed their respective positions, and the matter is ripe for disposition.

## Background

In June 2015, plaintiff was a passenger in a vehicle driven by Brooke Cover and owned by Christina Nicole Lindbuchler. (Doc. 2-4, Complaint ¶ 3). The vehicle was involved in an accident with another automobile. Russell Patrick, Jr., who evidently drove the other vehicle, caused the accident, however, he was uninsured. (Id.) The accident caused the following injuries to plaintiff: bulging discs at every level of her cervical spine, uneven shoulders with a right-leaning heard, ongoing severe and debilitating daily headaches, and memory loss, which is worsening with time. (Id. ¶ 11). Plaintiff was unable to keep her job as an Operating Room Technician due to her injuries, and she has not been able to

return to gainful employment since. (Id.) Plaintiff was approximately thirty-one (31) years of age at the time of the accident. (Id. ¶ 12).

At the time of the accident, plaintiff had two automobile insurance policies. The first was through Defendant Progressive Insurance company with limits of $15,000 in uninsured motorist ("UM") coverage. (Id. ¶ 2). The policy included stacking for four vehicles for a total UM coverage of $60,000. (Id.) The second policy was through Allstate Insurance Company and had a $15,000 UM coverage limit with stacking for two vehicles, for a total of $30,000 in UM coverage. (Id. ¶ 1).

Because the person who caused the accident did not have insurance, this became a case of UM coverage. Three automobile insurance policies were at issue. The first the policy was for the vehicle plaintiff was riding in, which was a GEICO policy in the name of Christina Nicole Lindbuchler. The second level of UM coverage came from the plaintiff's Allstate policy and the third level of coverage comes from the policy that plaintiff had with Defendant Progressive Insurance. (Id. ¶ 4).

Plaintiff made a demand for benefits under the Progressive policy. Defendant offered $1,000.00 to settle the case. (Id. ¶ 13). Subsequently, plaintiff filed the instant two-count complaint. The first count asserts a claim for breach of contract and the second count asserts a claim for insurance bad faith.

Plaintiff filed the case in Luzerne County Court of Common Pleas. The defendant filed a notice of removal to this court on September 19, 2019. (Doc. 1). Then, defendant filed the instant motion to dismiss the bad faith claim for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4). This motion is now ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff is a citizen of Pennsylvania. (Doc. 1, Notice of Removal ¶ 8). Defendant is a citizen of Ohio. (Id. ¶ 12). Defendant Progressive Insurance is incorporated under the laws of the State of Ohio with its principal place of business in Mayfield Village, Ohio. (Id.) Additionally, the amount in controversy exceeds $75,000. Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply

3

to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant filed its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir.

4

1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the

elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

**Discussion**

Defendant moves to dismiss Count II of plaintiff's complaint which asserts a cause of action for bad faith. Defendant also moves to strike the request for attorney fees found in Count I of the complaint. We will address these issues in turn.

### I. Bad Faith Claim

The second count of plaintiff's complaint asserts a cause of action for insurance bad faith pursuant to 42 PA. CON. STAT. ANN. § 8371. (Doc. 2-4, Compl. ¶¶ 17- 20).[1] Defendant argues that plaintiff has pled insufficient facts to support the bad faith claim.

Section 8371 authorizes recovery for an insurance company's bad faith towards an insured. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer."

---

[1] This count is the second count of plaintiff's complaint. It is labeled in the complaint, however, as Count 1. The first count is also labeled as Count 1. It appeals that labeling the second count as "Count 1" is a typographical error, and we will refer to it as Count 2.

Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according too the definition set forth in Terletsky)).

The United States Court of Appeals for the Third Circuit has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688).

Defendant argues that plaintiff has not alleged sufficient facts to establish that it lacked a reasonable basis for denying benefit. We disagree. An inadequate investigation by the insurance company may lead to a claim of bad faith. Smith v. Allstate Ins. Co., 904 F. Supp. 2d 515, 524 (W.D. Pa. 2012). Count II, of the complaint alleges that the defendant, *inter alia*, failed to properly

7

investigate plaintiff's claims, refused to pay plaintiff's claims without conducting a prompt, reasonable investigation based upon all available information, denied the claim without conducting a completely independent review of plaintiff's injuries and damages, and caused unreasonable delay in all aspects of the handling of plaintiff's claim. (Doc. 2-1, Complaint ¶ 18). Plaintiff further avers that the defendant lacked a reasonable basis for underestimating the value of plaintiff's UM claim and denying benefits. (Id. ¶ 19). We find that these factual allegations, which we must accept as true at this stage of the proceedings, are sufficient to meet the first element, that is, defendant lacked a reasonable basis to deny the benefits.

Next, defendant claims that the plaintiff has not asserted sufficient facts to meet the second element, that is, that it knew or recklessly disregarded its lack of reasonable basis to deny the benefits. Plaintiff's complaint makes a general allegation that defendant knew it had no basis to deny the claim. (Doc. 2-4, Complaint ¶ 19). We find that at this stage of the proceedings, such an allegation is sufficient to survive a motion to dismiss. This element goes to the knowledge and state of mind of the defendant. Plaintiff will not be able to fully inquire into such matters until discovery occurs in the case. Accordingly, we find that the motion to dismiss should be denied.

## II. Attorney's Fees in Count I

As noted above, Count I of plaintiff's complaint is a claim for breach of contract. (Doc. 2-1, Complaint ¶¶ 6 - 16). In the prayer for relief for this claim, plaintiff seeks attorney's fees. (Id. foll. ¶ 16). Defendant argues that the request for attorney's fees should be stricken. After a careful review, we agree.

Generally, Pennsylvania law provides that without express statutory authorization, clear agreement between the parties or other clear exception, attorney's fees are not available in a breach of contract action. <u>Bayne v. Smith</u>, 965 A.2d 265, 267 (Pa. Super. Ct. 2009). Plaintiff does not cite to an agreement between the parties, statutory authorization or any other exception that would allow for recovery of attorney's fees for the breach of contract claim. Accordingly, we will grant the motion to dismiss on this point and strike the claim for attorney's fees from the breach of contract claim.

**Conclusion**

Based upon the above reasoning, the defendant's motion to dismiss will be denied in part and granted in part. It will be granted with respect to the plaintiff's claim for attorney's fees under the breach of contract cause of action. The motion will be denied in all other respects. An appropriate order follows.

**BY THE COURT:**

**Date: Nov. 4, 2019**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**