# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IRMA CASTILLO,** | : | **Civil No. 3:19-CV-1628** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **PROGRESSIVE INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

### I.   Factual Background

This is an insurance dispute between Irma Castillo and an insurer, Progressive, relating to Castillo's claim for uninsured motorist (UIM) benefits under a policy issued by Progressive. With respect to this insurance dispute the pertinent facts can be simply stated:

On June 12, 2015, Ms. Castillo was a passenger in a car owned by Christina Nicole Lindbuchler and driven by Brooke Covert, when that vehicle was involved in an accident with an uninsured motorist, Russell Patrick, Jr. Ms. Castillo alleges that she suffered head, neck, and back injuries in this accident and is seeking compensation for those injuries.

1

At the time of the accident, the vehicle in which Castillo was a passenger was insured under an automobile insurance policy issued by GEICO Insurance. In addition, at the time of the accident, Ms. Castillo was covered by two (2) separate automobile insurance policies issued by Allstate Insurance Company ("Allstate"), and Progressive Insurance. The Allstate Policy provided $15,000.00 in uninsured motorist (UM) coverage, with stacking for two (2) vehicles. The Progressive Policy provided $15,000.00 in UM coverage, with stacking for three (3) vehicles; or, the total of $45,000.00 in UM coverage. On May 10, 2019, GEICO entered into a settlement with Ms., Castillo in which GEICO agreed to tender the entire liability policy limits of the GEICO Policy in the amount of $15,000.00.

Castillo then brought a claim against Progressive for UIM benefits. That case was removed by the defendant to federal court. Following pretrial litigation, the sole remaining claim in this lawsuit is Castillo's allegation that Progressive has not properly paid UIM benefits to her in breach of this insurance contract, this court having previously dismissed Castillo's claim that Progressive violated Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371.

This case is set for trial in February of 2022. In anticipation of trial Progressive filed a motion *in limine*, which alleged that "the Plaintiff may attempt to introduce evidence of insurance policy premiums paid by the Plaintiff for the

applicable Progressive insurance policy No. 11970076 ('the Policy') and the limits of the uninsured motorist coverage available under said policy." (Doc. 50, ¶ 6). Arguing that this information is irrelevant, and potentially prejudicial and confusing, Progressive seeks to have this evidence excluded from the trial of this case.

This motion *in limine* is fully briefed by the parties and is, therefore, ripe for resolution. Finding that the introduction of this proof would be inconsistent with the law of the case, would be unduly prejudicial, and could compound confusion for the jury, for the reasons set forth below, the motion *in limine* is GRANTED.

## II.   Discussion

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence.   United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988).   Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."

<u>Bradley v. Pittsburgh Bd. of Educ</u>., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).   However, courts should be careful before doing so.

Legally, there are several different bases for motions *in limine*. First, such motions are filed when it is alleged that evidence is going to be offered which is improper under the Federal Rules of Evidence. In considering motions *in limine* which call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion ... Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " <u>Abrams v. Lightolier Inc</u>. 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); <u>see</u> <u>Bernardsville Bd. of Educ. v. J.H.</u>, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these decisions regarding the exclusion of evidence rest in the sound discretion of the district court, and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of the key guiding principles is reflected in the philosophy which shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to

consider pertinent factual information while searching for the truth. The inclusionary quality of the rules, is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Adopting this view of relevance it has been held that "[u]nder [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' [Therefore] 'It follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant.' " Frank v. County of Hudson, 924 F.Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir.1994)) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence is further buttressed by Rule 402, which generally defines the admissibility of relevant

evidence in sweeping terms, providing that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). These principles favoring inclusion of evidence are, however, subject to some reasonable limitations. Thus, Rule 403, provides grounds for exclusion of some potentially irrelevant but highly prejudicial evidence, stating that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 .

By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403 underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which favors the admission of relevant proof unless the relevance of that proof is

substantially outweighed by some other factors which caution against admission.

Guided by these general legal tenets, we note that the remaining issue in this case, while couched by the plaintiff in terms of a breach of contract, actually is more aptly described as litigation designed to determine the extent of liability under this insurance contract pursuant to the terms of the contract itself. Recognizing that the bad faith claims processing issues originally set forth in the complaint are no longer properly part of this lawsuit, we turn to the issue framed by this motion *in limine*—namely, the question of whether the insurance policy limits, and policy premiums paid by the plaintiff, should be excluded from the trial of this case. On this question we are mindful that courts have come to differing conclusions. Compare Noone v. Progressive Direct Ins. Co., No. 3:12CV1675, 2013 WL 8367579, at *2 (M.D. Pa. May 28, 2013) (denying motion *in limine*) with Lucca v. Geico Ins. Co., No. CV 15-4124, 2016 WL 3632717, at *2 (E.D. Pa. July 7, 2016) (granting motion *in limine*). On this score, we find the rationale of the court in Lucca to be more persuasive. In Lucca, the district court granted a motion *in limine* excluding evidence relating to the policy limits and premiums paid on an insurance policy in a case involving assessing damages on a UIM claim, noting that:

> The Court acknowledges that the bar for relevance is low. However, the amounts of the policy limits and paid premiums, facts that are undisputed and therefore not for the jury to decide, do not even reach that low bar. The only issue for the jury to decide in this matter is the

extent of [the plaintiff's] injuries from the accident. That [this] policy includes a [specific] underinsured motorist limit or that [a party] paid a certain amount in premiums for the policy does not have "any tendency to make [any fact at issue in this case] more or less probable than it would be without the evidence." See Fed. R. Evid. 401. Indeed, not only is the policy limit irrelevant in this case, introducing evidence of the policy limit may very well serve to prejudice [the insurer] by giving the jury an anchor number that has no bearing on [the plaintiff's] damages. For these reasons, the Court will exclude at trial any mention of the policy limits or the amount of premiums paid. Once a verdict has been rendered by the jury on the amount of damages suffered by [the plaintiff], the Court can mold the verdict appropriately to reflect the limits of both [the plaintiff's] policy and the third party tortfeasor's policy.

Lucca v. Geico Ins. Co., No. CV 15-4124, 2016 WL 3632717, at *3 (E.D. Pa. July 7, 2016). As to this legal question regarding the admissibility of policy limit and premium payment information, many courts, including this court, have chosen to follow the path set by Lucca and exclude this information from the trial of UIM contractual claims. See e.g., Onderko v. LM Gen. Ins. Co., No. 3:19-CV-02225, 2021 WL 4819322, at *5 (M.D. Pa. Oct. 16, 2021); Stewart v. GEICO Ins., No. 2:18-CV-00791-MJH, 2020 WL 6020578, at *1 (W.D. Pa. Oct. 11, 2020); Schmerling v. LM Gen. Ins. Co., Inc., No. CV 17-3659, 2018 WL 5848981, at *2 (E.D. Pa. Nov. 8, 2018); Ridolfi v. State Farm Mut. Auto. Ins. Co., No. 1:15-CV-859, 2017 WL 3198062, at *3 (M.D. Pa. July 27, 2017) (Carlson, M.J.).

Thus, in our view the position taken by the court in Lucca is the ascendent and better reasoned view on this issue. Therefore we will follow the course charted by

Lucca and its progeny. As in Lucca, presently the sole remaining issue in this litigation is a contract claim by Castillo against Progressive which, in essence, entails assessing what the scope of the plaintiff's injuries and damages. The amounts of the policy limits, or premiums paid, are not necessary or relevant to this factual inquiry by the jury and could have a misleading effect for the jury since it might imply some false measure of damages in this case, a measure of damages unrelated to Castillo's compensable recovery under her insurance policy with Progressive. Thus, this specific proof seems both irrelevant and potentially prejudicial and confusing for jurors.

In fact, we see this evidence as potentially prejudicial and confusing for all parties. The prejudice to the defendant from introduction of policy limit information is apparent. Such information could set a false and misleading benchmark for damages, one which is unrelated to proven and provable injuries. But there is a second, very real prejudice which flows from this information, and could redound to the detriment of the plaintiff. Informing a jury of the policy limits, premium payments, and presumably alerting the jury to Castillo's third-party recovery from GEICO, could distract and confuse the jury to the prejudice the plaintiff since jurors might focus on this extraneous information instead of engaging in a dispassionate assessment of the extent of her injuries and their causation.

In sum, providing the jury with policy limit and premium payment information could foster confusion and be fraught with potential prejudice, prejudice which could redound to the detriment of all parties. Since interjection of this evidence presents great peril of prejudice, could lead to juror confusion, and is not relevant to any of the issues properly before the jury, this evidence should be excluded from the trial of this case.

An appropriate order follows.

## III.  <u>Order</u>

For the forgoing reasons, IT IS ORDERED that the defendant's motion *in limine* (Doc 50) is GRANTED, and the plaintiff is precluded from referring to the amount of the policy limits, or premium payments, at the trial of this case.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated:   January 13, 2022.

10